BEFORE THE THIRD DIVISION, SEPTEMBER 15, 1939

**No. 42168.**—Protest 940843–G of W. Russell Howe (New York).

CLINE, Judge:   This is a suit against the United States, arising at the port of New York, in which the plaintiff claims that the collector of customs erred in assessing duty at the rate of 10 percent ad valorem under section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked at the time of importation.

It appears from the record that the imported merchandise upon which the duty was assessed consists of cardamon seeds imported from British India; that the seeds were packed in wooden cases lined with newsprint paper and the wooden cases were placed in burlap bags which were fastened thereon by sewing; that the burlap bags contained the words "British India" in black ink, but no marking appeared on the wooden cases or the newsprint paper.   The seeds were not capable of being marked.

The plaintiff called two witnesses at the trial.   Mr. Charles Wicker, a shipping and sampling clerk employed by Joensson Import Corporation, the party in interest, testified, over objection of counsel for the defendant, that during his experience of over ten years, the method of packaging cardamon seeds for shipment into the United States is "usually packed in boxes, with burlap covering"; that the seeds are passed on to the user in the same condition as they are imported; that the wooden cases are used as a protection for the shipment and the burlap around them is an added protection against breakage, so that if the wooden case

breaks the seeds will not leak out. On cross-examination he testified that there was nothing about the wooden cases which prevented their being stamped or stenciled with the name of the country of origin; that he did not contend that the burlap bags serve the purpose of retaining the aroma of the seeds. On redirect examination he testified that the paper-lined wooden cases served to retain the aroma of the seeds to some extent.

Mr. Robert E. Lund, who had formerly held the position of assistant manager of the spice department of Irwin Harrisons-Whitney, Inc., testified that according to his experience cardamon seeds had always been packed in cases of wood from a quarter to a half inch in thickness and covered with burlap; that the paper lining in the cases is intended to protect the aroma of the seeds; that the wooden cases protect the seeds from physical damage and retain the aroma; that the burlap bags protect against moisture and loss of the seeds in case the boxes become broken in transit; that the packages are always shipped to the user in the same condition in which they are received.

The plaintiff contends that the burlap and the cases together constitute the containers of the imported seeds; that the marking on the outside of the burlap is in fact a marking on the immediate containers of the seeds within the provisions of section 304 (a), Tariff Act of 1930; that, inasmuch as cardamon seeds are shipped to the ultimate consumers in the burlap covered boxes in the condition in which they were imported, there can be no question but that the consumer would be informed of the country of origin of the goods by the marking on the burlap.

The defendant contends that there can be but one immediate container of the cardamon seeds, that is, the wooden cases and that, as the cases were not marked to indicate the country of origin of the seeds, the collector was justified in assessing the duty under section 304 (b).

In the case of *Givaudan Delawanna, Inc.* v. *United States*, 22 C. C. P. A. 119, T. D. 47104, the question was raised as to whether grass matting wrapped around unground cloves, forming a bale, was the immediate container of the cloves. The appellant claimed, among other things, that the grass matting was the package, or outer covering, and that there was no immediate container, so that the duty under section 304 (b), Tariff Act of 1930, should not have been assessed. The court followed a previous ruling in the case of *Zaloom* v. *United States*, 21 C. C. P. A. 518, T. D. 46972, relating to sausage casings packed in barrels, and held that the grass matting was the immediate container of the cloves. The court said:

Our conclusion is that, while all containers and packages must be marked under this section, an additional duty is to be levied only when the article or the *immediate* container is not marked. If either be marked, the additional duty does not apply.

In our judgment, however, the immediate containers of the imported cloves were the grass-matting coverings of the bales. These containers came directly within the common meaning of the word "immediate":

Immediate 1. Having no intermediary or intermediation. Specif. a next in line or relation; directly connected, succeeding, or the like; not secondary or remote; as, *immediate* followers; an *immediate* heir. (Webster's New International Dictionary, 1932).

It is not contended here that the paper lining of the cases was the immediate container or any container of the seeds but the wooden cases covering the seeds come squarely within the common meaning of the term "immediate container" as construed by the court.

The plaintiff contends that the marking on the burlap bags was sufficient because the merchandise was shipped to the consumer in the condition as imported and the bags contained the name of the country of origin. The defendant con-

tends that imported goods must be so marked that the collector can determine from an examination of the shipment whether the marking complies with the statute without following the articles into consumption, citing *P. Lorillard & Co., Inc.*, v. *United States*, 24 C. C. P. A. 90, T. D. 48412, wherein it is stated as follows:

It was the view of the trial court that it was immaterial whether the tobacco was imported for sale or was to be used by the importer. This, we think, was the correct conclusion. Surely, Congress did not contemplate that the collector, in determining whether or not an importation was sufficiently marked, should be required to follow the tobacco into consumption or first ascertain that it was imported for use by the importer and hold the marking sufficient in that instance and not sufficient in another instance where there was a possibility of its being resold. Such a construction of the law would lead us far afield.

It is within common knowledge that most imported merchandise enters into our domestic commerce and is sold, resold, and handled by numerous parties. We think Congress was concerned in having those who came in contact with the goods either as purchasers or consumers fully advised as to the country of their origin and intended that all importations, subject to the provision under consideration, should be so marked as to indicate clearly such country of origin, irrespective of what might later happen to the merchandise in this country. To sustain appellant's contention would we think, reduce the enactment to an absurdity.

Practically the same issue that is before the court in this case was decided in *Bayer Bros. Leather Co., Inc.*, v. *United States*, Abstract 41304, wherein raw skins were packed in wooden cases which were in turn covered with burlap. The wooden cases contained no marking but the burlap was marked with the name of the country of origin of the skins. The court found that the wooden cases were the immediate containers of the skins and, as neither the skins nor the wooden cases were marked, it was held that the goods were not marked within the statutory requirements.

The court has decided other cases involving similar issues. In the case of *Elizabeth Arden, Inc.* v. *United States*, C. D. 25, it was shown that gland cream was imported in iron drums, each drum being covered by a wooden crate. There was no marking on the iron drums but the wooden crates were legally marked. The court held that the iron drums were the immediate containers of the cream. To the same effect are the decisions in *Herbst Bros.* v. *United States*, Abstract 34966, and *Brazilian Importing Co.* v. *United States*, Abstract 40519, wherein seeds and cashew nuts were imported in old gasoline tins packed in wooden cases. The cases were marked but no marking appeared on the tins which were held to be the immediate containers of the merchandise.

The plaintiff cites certain decisions of the Treasury Department holding that immediate containers of various commodities need not be marked, T. D. 44370 (27), T. D. 44370 (35), T. D. 44812 (6), and T. D. 44960 (4). Those decisions were promulgated prior to the decision in *Givaudan Delawanna, Inc.* v. *United States supra*, in which it was held that the Secretary of the Treasury is not authorized to exempt any containers of imported merchandise from the marking requirements.

We find that the wooden cases in this case were the immediate containers of the cardamon seeds, and, as they bore no marking at the time of importation to indicate the country of origin of the goods, we hold that the collector acted properly in assessing duty at the rate of 10 percent ad valorem under section 304 (b). The protest is overruled. Judgment will be entered in favor of the defendant.